UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. RANKIN,

    Plaintiff,                                        Hon. Paul L. Maloney

v.                                                   Case No. 1:21-cv-119

BERRIEN COUNTY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motions to Dismiss. (ECF No. 4). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

Plaintiff, proceeding pro se, initiated this action on February 4, 2021, against Berrien County. (ECF No. 1). While this action is asserted against Berrien County, the gravamen of Plaintiff's complaint is the difficulty Plaintiff has experienced obtaining benefits from the United States Veterans Administration. According to Plaintiff, his inability to obtain veteran's benefits resulted in the foreclosure of his home. The only connection to Berrien County in this unfortunate circumstance is that Plaintiff alleges that an unidentified Veterans Service Officer (VSO), a Berrien County employee, failed to sufficiently assist Plaintiff in his effort to obtain veteran's benefits. Plaintiff further

alleges that the VSO violated Michigan Compiled Laws § 750.174a(1), which criminalizes fraud against "a vulnerable adult."[1] Plaintiff seeks $5,000,000.00 in damages along with the "return of his home." Defendant now moves to dismiss Plaintiff's complaint. Plaintiff has responded to the motion.

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the

---

[1] In his Complaint, Plaintiff cited to Mich. Comp. Laws § 750.174(a)(1). It is clear from the allegations in his complaint, however, that Plaintiff is invoking Mich. Comp. Laws § 750.174a(1).

-2-

> allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

## ANALYSIS

First, to the extent Plaintiff is attempting to assert a civil claim based on the alleged violation of a Michigan criminal statute, such must be dismissed. A civil claim based on an alleged violation of a Michigan criminal statute is permissible in only two circumstances: (1) the criminal statute expressly creates a civil cause of action, or (2) a civil cause of action "must be inferred from a lack of adequate means of enforcement."

*Courser v. Allard*, 969 F.3d 604, 619 (6th Cir. 2020). The statute in question does not provide for a civil cause of action and there is no suggestion that the State of Michigan lacks an adequate means to enforce it.

Second, Plaintiff has failed to state a viable cause of action against Berrien County. While "municipalities and other local governmental bodies" are considered "persons" under § 1983, such entities cannot be held liable solely because they employ a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on Berrien County, Plaintiff must demonstrate that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

Plaintiff has failed to identify any official Berrien County policy that caused his alleged injuries. Plaintiff has likewise failed to allege facts from which a reasonable juror could infer the existence of any such policy. Accordingly, Plaintiff's claim against Berrien County must be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motions to Dismiss (ECF No. 4) be granted and this matter terminated. For the same reasons underlying this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 24, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge